IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                               CRIMINAL NO. 17-50064

ERICA L. KELLER                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se e-mail sent to the Court from the Defendant, which has been filed as a **Motion for Reduction of Sentence. (Doc. 28.)** The undersigned, being well and sufficiently advised, finds and recommends as follows:

The Defendant pled guilty to the offense of theft, embezzlement, and misapplication by a bank employee, in violation of 18 U.S..C. § 656. (Doc. 7.) On June 8, 2018, a judgment was entered sentencing the Defendant to 37 months imprisonment, five years supervised release, $354,054.85 in restitution, and a $100.00 special assessment. (Doc. 26.)

In the motion currently before the Court, Defendant states that she is currently serving her sentence in a halfway house in Little Rock, Arkansas, and because of the COVID-19 virus, all residents have been placed on lock-down at the house. Defendant complains about the conditions at the halfway house, states that she has "underlying health conditions . . . that make[] [her] higher risk," and requests that she be allowed to serve the remainder of her sentence in home confinement. The Government opposes the Defendant's motion, arguing that the Court lacks jurisdiction to grant Defendant's request for home confinement, as the place of a prisoner's confinement is designated by the Bureau of Prisons (BOP).

The Government is correct. "The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). The undersigned notes that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify the remainder of her sentence to home confinement. See United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (denying Defendant's motion seeking home confinement due to COVID-19 pandemic, as the Defendant failed to exhaust BOP remedies, did not present extraordinary and compelling reasons warranting such relief, and there was no evidence that the BOP's plan to address the pandemic was not adequate); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899 (D. Md. Mar. 27, 2020) (where the defendant failed to pursue his BOP remedies, court was without authority to grant defendant's motion seeking home confinement based on COVID-19 concerns).

While it is, therefore, not necessary to address the merits of Defendant's motion, the undersigned notes that the Defendant is only 42 years of age; while certain health conditions were noted in Defendant's Presentence Investigation Report, none of these conditions appear to be of the type that would place the Defendant at greater risk as she contends; the Probation Office has confirmed that no one at the half-way house has tested positive for the virus; and the

BOP has established criteria in light of the virus for determining priority eligibility for placement on home confinement.

Based upon the foregoing, the undersigned recommends **DENYING WITHOUT PREJUDICE** Defendant's **Motion for Reduction of Sentence. (Doc. 28.)  The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of April, 2020**.**

                                  /s/ *Erin L. Wiedemann*
                                  HON. ERIN L. WIEDEMANN
                                  UNITED STATES MAGISTRATE JUDGE